UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY TAYLOR,

       Plaintiff,

-v-

ARCHDIOCESE OF DETROIT,

       Defendant.

Case No.
Judge:
Magistrate:

=================================================================
BOGAS, KONCIUS & CROSON P.C.
KATHLEEN L. BOGAS (P25164)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
=================================================================

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff JUDY TAYLOR, by and through her attorneys and states in support of her complaint:

**PARTIES AND JURISDICTION**

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") (sex discrimination), 42 U.S.C. § 2000e *et seq*.; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1343 (a) (4)

(jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims of discrimination, retaliation, and harassment in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq*.

2. Plaintiff Judy Taylor is a citizen of the United States and resides in the City of Farmington Hills, Oakland County, Michigan, within the Eastern District of Michigan.

3. Defendant Archdiocese of Detroit is a nonprofit organization with its principal place of business in the City of Detroit, in Wayne County, Michigan, within the Eastern District of Michigan.

4. This is an action for discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act, discrimination, harassment, and retaliation in violation of the Elliott-Larsen Civil Rights Act ("ELCRA").

5. Defendant is an employer and Plaintiff was its employee within the meaning of Title VII and the ELCRA.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her sex, sexual harassment, and retaliation.

7. Plaintiff's charge was within 300 days of the commission of the unlawful employment practices alleged in this claim.

8. Plaintiff received her notice of right to sue on or about March 15, 2015, and she has filed this complaint within 90 days of receiving her notice of rights.

9. At all times relevant hereto, Plaintiff was employed with Defendant as a computer support specialist.

10. At all times relevant hereto, Plaintiff performed her job diligently and satisfactorily.

11. During her employment with Defendant, Plaintiff was subjected to unwanted sexual advances, comments, and other conduct by Defendant's agents, servants, and/or employees including her supervisor Steven Foster.

12. During her employment with Defendants, Plaintiff was subjected to a sexually hostile and intimidating environment by Defendant's agents, servants, and/or employees, including her supervisor Steven Foster.

13. Among other actions, Mr. Foster:

    a. Made unwelcome sexual advances to Plaintiff;

    b. Touched Plaintiff in an inappropriate and sexual manner;

    c. Groped Plaintiff;

    d. Spoke to Plaintiff about another woman's breasts;

14. All such comments and conduct were unwelcomed by Plaintiff.

15. Other female employees were subjected to the same unwelcome

sexual conduct, including groping, hugging, massaging backs, requests for photos, and gifts.

16. In or about February, 2014, Plaintiff reported the aforementioned sexually hostile and harassing actions to Defendant's agents, servants, and/or employees, including, but not limited to her supervisor Marco Decapita.

17. At all times when reporting this conduct, Plaintiff had a good-faith and/or reasonable belief that Steven Foster's conduct constituted unlawful sexual harassment.

18. Defendant failed to adequately investigate or remediate the complained of conduct.

19. Defendant terminated Plaintiff's employment on April 4, 2014 on false and pretextual allegations of misconduct by Plaintiff.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF ELCRA

20. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

21. While employed by Defendant, Plaintiff was subjected to sex discrimination by Defendant by and through its agents, servants and/or employees, said acts being made unlawful by Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq*.

22. Plaintiff was subjected to sexual and/or gender harassment, which was sufficiently severe or pervasive to create a hostile environment on the basis of her sex.

23. Defendants violated the aforementioned ELCRA by the following:

a. Discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex;

b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and

d. Failing to provide a work environment free from sex discrimination and sexual and/or gender harassment.

24. As a direct and proximate result of Defendant's violation of the ELCRA, as aforestated, Plaintiff has suffered bodily injury, depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

25. As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the

services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Judy Taylor prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Elliott-Larsen Civil Rights Act;

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff reasonable attorney's fees, costs, and interest;

e. Award such other relief as this Court deems just and proper.

## COUNT II
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

26. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

27. While employed by Defendant Plaintiff was subjected to sex discrimination by Defendant by and through its agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

28. Plaintiff was subjected to sexual and/or gender harassment, which was sufficiently severe or pervasive to create a hostile environment on the basis of her sex.

29. Defendant violated the aforementioned Title VII by the following:

   a. Discharging or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of sex;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of sex;

   c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of sex with respect to a term, condition or privilege of employment, including a benefit plan or system; and

   d. Failing to provide a work environment free from sex discrimination and sexual and/or gender harassment.

30. As a direct and proximate result of Defendant's violation of Title VII, as aforestated, Plaintiff has suffered bodily injury, depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

31. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of

an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Judy Taylor prays that this Honorable Court grant the following remedies:

    a.    declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

    b.    award Plaintiff all lost wages, past and future, to which she is entitled;

    c.    award Plaintiff compensatory damages;

    d.    award Plaintiff reasonable attorney fees, costs and interest;

    e.    award Plaintiff all punitive damages to which she is entitled; and

    f.    award such other relief as this Court deems just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

32.    Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

33.    Plaintiff engaged in conduct protected under Title VII, <u>i.e.</u>, complaining of, reporting, and/or opposing the discriminatory conduct of Defendant and its agents, servants, and/or employees.

34.    Defendant had knowledge of Plaintiff's protected activity.

35. Defendants by and through its agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, terminating Plaintiff.

36. Plaintiff was subjected to harassment and other retaliatory acts by Defendant and/or its agents, servants and/or employees in retaliation for her opposition to civil rights violations and having complained about the discriminatory acts described above, in violation of Title VII.

37. Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiffs' rights and sensibilities.

38. Defendant's retaliation would not have occurred but for Plaintiff's protected activity.

39. As a direct and proximate result of Defendant's and its agents', servants', and/or employees' retaliation in violation of Title VII, Plaintiff has suffered bodily injury, depression, loss of standing in the community and among her peers and family, emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

40. As a further direct and proximate result of Defendant's and its agents', servants', and/or employees' retaliation, Plaintiff has been placed in financial distress

and have suffered a loss of earnings and benefits, a loss and impairment of her earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff Judy Taylor prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII;

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive damages;

e. Award Plaintiff reasonable attorney's fees, costs, and interest;

f. Award such other relief as this Court deems just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF ELCRA

41. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

42. Plaintiff engaged in conduct protected under the ELCRA, i.e., complaining of the sexually discriminatory and harassing conduct of Steven Foster.

43. Defendant had knowledge of Plaintiff's protected activity.

44. Defendant subsequently took an adverse, retaliatory action against Plaintiff, to-wit: terminating Plaintiff, and/or subjecting Plaintiff to severe or

- 10 -

pervasive retaliatory harassment by supervisors.

45. Defendant's retaliation would not have occurred had Plaintiff not engaged in activity protected by the ELCRA.

46. Defendant's actions were retaliatory and in violation of the ELCRA.

47. As a direct and proximate result of Defendant's violation of ELCRA as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

48. As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Judy Taylor prays that this Honorable Court grant the following remedies:

  a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Elliott-Larsen Civil Rights Act;

  b. Award Plaintiff all lost wages, past and future, to which she is entitled;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff reasonable attorney's fees, costs, and interest;

    e. Award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant and all relief requested in this complaint.

    Respectfully submitted,

    BOGAS, KONCIUS & CROSON P.C.

    By: /s/ KATHLEEN L. BOGAS  
    KATHLEEN L. BOGAS (P25164)  
    Attorneys for Plaintiff  
    31700 Telegraph Rd, Ste 160  
    Bingham Farms, MI 48025  
    (248) 502-5000  

Date: June 5, 2015    office@kbogaslaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY TAYLOR,

       Plaintiff,

-v-

                                    Case No.
                                    Judge:
                                    Magistrate:

ARCHDIOCESE OF DETROIT,

       Defendant.

================================================================

BOGAS, KONCIUS & CROSON P.C.
KATHLEEN L. BOGAS (P25164)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com

================================================================

**JURY DEMAND**

      Plaintiff JUDY TAYLOR, by and through her attorneys, hereby demands a jury trial on all issues.

                                  Respectfully submitted,

                                  BOGAS, KONCIUS & CROSON P.C.

                            By:   /s/ KATHLEEN L. BOGAS _____
                                   KATHLEEN L. BOGAS (P25164)
                                   Attorneys for Plaintiff
                                   31700 Telegraph Rd, Suite 160
                                   Bingham Farms, MI  48025
                                   (248) 502-5000

Date:  June 5, 2015                  office@kbogaslaw.com